**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER J. EIRAS,

                        Plaintiff,          Case No.  3:16-cv-231-J-34PDB

v.

STATE OF FLORIDA DEPARTMENT OF
BUSINESS & PROFESSIONAL REGULATION
DIVISION OF ALCOHOLIC BEVERAGES
AND TOBACCO, et al.,

                        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on (1) Defendant State of Florida Department of Business & Professional Regulation's Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc. No. 4; DB&PR's Motion),[1] filed on March 16, 2016, and (2) Defendant Eugene R. Baker, Jr.'s Motion to Dismiss Plaintiff's Complaint[2] [sic] (Doc. No. 6; Baker's Motion), filed on March 21, 2016 (collectively, the Motions).  On March 30, 2016, Plaintiff filed a response in opposition to DB&PR's Motion (Doc. No. 7; DB&PR Response) and to Baker's Motion (Doc. No. 8; Baker Response).

_____

[1]      On November 8, 2016, the Department of Business & Professional Regulation Division of Alcoholic Beverages and Tobacco (DB&PR) filed an Amended Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc. No. 16; DB&PR's Amended Motion).  Christopher J. Eiras (Eiras) filed a response, see Response to Defendant State of Florida Department of Business & Professional Regulations Amended Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc No. 17; Amended DB&PR Response), on November 15, 2016.  However, DB&PR was not authorized to file an amended motion.  Accordingly, the Court strikes DB&PR's Amended Motion and the Amended DB&PR Response.

[2]      Specifically, Eugene R. Baker, Jr. (Baker) moves the Court to dismiss Counts I, II and IV of Plaintiff's complaint.

## I.      Procedural History and Factual Background[3]

In the Complaint and Demand for Jury Trial (Doc. No. 2; Complaint), Plaintiff, Christopher J. Eiras (Eiras or Plaintiff) asserts that he was falsely arrested and maliciously prosecuted by DB&PR and Baker, a DB&PR agent, in violation of federal and Florida law. Specifically, Eiras alleges that pursuant to a 2003 court order seeking to avoid the spoliation of evidence, his company, Happy Vodka Corporation (Happy Vodka), had "to maintain remnant drums [of alcohol] from their initial US production."[4]  See Complaint ¶ 10.  When the litigation involving the drums of alcohol settled in April 2005, Eiras moved the drums to "a licensed location, owned by Florida Distillers."  Id. at ¶ 11.  In 2007, Florida Distillers faced bankruptcy and asked Eiras to give possession of the drums to Liquor Group Wholesale, Inc. (Liquor Group).[5]  Id. at ¶ 13.  Eiras alleges that he mailed a letter, which he attaches as Exhibit A to the Complaint, to DB&PR's director to update him on the status of the drums.[6]  Id. at ¶ 14, Ex. A.  Liquor Group stored the drums at a U.S. Customs Bonded Warehouse until 2010.  Id. at ¶ 15.  Liquor Group then moved the drums to a

---

[3]      In considering the Motions, the Court must accept all factual allegations in Plaintiff's complaint as true, consider the allegations in the light most favorable to Plaintiff, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the complaint, and may well differ from those that ultimately can be proved.

[4]      The drums "consisted of sixty-one (61), fifty-five (55) gallon drums of unprocessed alcohol (the drums) that was deemed evidence and may require testing at some point during litigation."  See Complaint ¶ 10.

[5]      In 2007, Eiras purchased Liquor Group Florida, LLC and created Liquor Group Wholesale, Inc.  Id. at ¶ 12.

[6]      On a motion to dismiss, the Court's consideration is limited to those facts contained in the complaint and the attached exhibits.  Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007).  Under Rule 10(c), Federal Rules of Civil Procedure (Rule(s)), "attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."  Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Rule 10(c) (providing that the exhibits are part of the pleading "for all purposes").  Additionally, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  Griffin Indus., 496 F.3d at 1206.

warehouse located at 1431 West 16th Street, Jacksonville, FL 32209. Id. at ¶ 16. On April 24, 2012, the warehouse faced foreclosure and Mark Farrell (Farrell) was appointed as receiver, making him Liquor Group's landlord. Id. at ¶ 17. Farrell demanded that Liquor Group remove the drums, and when Liquor Group refused, he initiated a contempt proceeding in state court against Eiras. Id. at ¶¶ 18-19. The state court ordered Eiras "to remove the drums from the property and furthermore follow any subsequent instructions issued by Farrell related to this property." [sic]. Id. at ¶ 19. As a result, Liquor Group moved the drums to a tractor-trailer located on Farrell's property, but separate and apart from the warehouse and all other structures. Id. at ¶¶ 20-21. When Farrell again demanded that Eiras move the drums, "Eiras had the drums put on a thirty-day round trip across the state with a common-carrier service," to lawfully remove them from the property. Id. at ¶ 22.

On May 25, 2012, Baker and DB&PR obtained a search warrant and seized Eiras's trailer from a different warehouse in Jacksonville, Florida. Id. at ¶ 23. In response, on June 4, 2012, Eiras sent a certified letter to DB&PR and Baker, which he attaches to the Complaint as Exhibit D, in which he explains the location of the drums. Id. at ¶ 24, Ex. D (the Letter). On August 29, 2012, Baker arrested Eiras and charged him "with sixty-one (61) counts of Moving or Concealing Alcoholic Beverages with the Intent to Defraud the State of Excise Tax, eight (8) counts of Submitting False Records to Avoid Excise Tax, and one (1) count of Storage of Alcoholic Beverages off the Licensed Premises." Id. at ¶ 25.[7]

---

[7]   These charges constitute violations of sections 562.32, 562.45, and 562.03 of the Florida Statutes. See DB&PR Motion, Ex. A.

Based on these allegations, on February 4, 2016, Eiras filed his five count Complaint in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. On March 10, 2016, DB&PR removed the action to this Court. See DB&PR's Notice of Removal (Doc. No. 1; Notice). In Count I of the Complaint, Eiras alleges that Baker violated 42 U.S.C. § 1983 (Section 1983) by executing a false arrest and thereby depriving him of his rights under the Fourth Amendment to the United States Constitution. See Complaint ¶ 29. In Counts II and III, Eiras asserts false arrest claims against Baker and DB&PR, respectively, under Florida law. Id. at ¶¶ 31-40. In Count IV, Eiras asserts a claim against Baker for malicious prosecution under Florida law. Id. at ¶¶ 41-44. Finally, in Count V, Eiras alleges that DB&PR violated Section 1983 by maliciously prosecuting him in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Id. at ¶¶ 45-48. On March 16, 2016, DB&PR filed the DB&PR Motion, and on March 21, 2016, Baker filed the Baker Motion. Eiras has responded to both Motions. As the Motions are fully briefed, the Court addresses them here.

## II.     Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n 1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not

necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also BellSouth Telecomm., 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 129 S. Ct. at 1949, 1951. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570).

## III.    Discussion

For the reasons discussed below, to the extent the Baker Motion seeks dismissal of Eiras's claim of false arrest under Florida law set forth in Count II of the Complaint, the Motion is due to be granted, but to the extent he seeks to dismiss the claims in Counts I and IV for false arrest under federal law and malicious prosecution under state law,

respectively, the Motion is due to be denied.  Additionally, DB&PR's request to dismiss Count III of the Complaint, which asserts a claim of false arrest under Florida law is due to be granted, but its request to dismiss Count V, which asserts a claim for malicious prosecution under federal law, is due to be denied.  The Court will first address Eiras's federal claims and then turn to Eiras's Florida law claims.

### A. Federal Claims against Baker and DB&PR (Counts I and V)

Eiras alleges constitutional violations by Baker and DB&PR under 42 U.S.C. § 1983 arising from his arrest and prosecution.[8]  In order to "prevail on a claim under [42 U.S.C.] § 1983, a plaintiff must demonstrate both (1) that the defendant deprived h[im] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998).  Eiras alleges that Defendants violated his Fourth Amendment rights by falsely arresting him (Count I asserted against Baker) and maliciously prosecuting him (Count V asserted against DB&PR).  He further alleges that "[a]t all times material hereto, Defendants [DB&PR] and BAKER acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of Florida, the Department of Business and Professional Regulation, and the Division of Alcoholic Beverages and Tobacco." See Complaint ¶ 6.

The Eleventh Circuit has "identified a false arrest as a violation of the Fourth Amendment and a viable claim under [Section] 1983." Jones v. Brown, 649 F. App'x 889,

---

[8]      The Court notes that Eiras brings Count I against Baker in his individual, rather than his official, capacity.  Whereas a Section 1983 claim brought against an officer in his individual capacity means that the officer may be held personally liable, a suit against an officer in his official capacity "is the same as a suit against the entity of which the officer is an agent." Farrell v. Woodham, No. 2:01-CV-417-FTM29DNF, 2002 WL 32107645, at *2 (M.D. Fla. May 29, 2002); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such it is no different from a suit against the State itself.").

890 (11th Cir. 2016).[9]   A false arrest is "defined as 'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty.'"  Bartley v. Kim's Enter. of Orlando, 568 F. App'x 827, 834 (11th Cir. 2014) (citations omitted).   Under Federal law, an arrest is unlawful when it occurs "without a warrant and without probable cause."  Jones, 649 F. App'x at 890.  To prevail on a false arrest claim under Section 1983 a plaintiff bears the burden of proving a lack of probable cause.  Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1998).

Distinctly, a viable Section 1983 malicious prosecution claim requires a plaintiff to prove "a violation of his Fourth Amendment right to be free from unreasonable seizures, as well as the elements of the common law tort of malicious prosecution."  Zargari v. United States, 658 F. App'x 501, 506 (11th Cir. 2016).   The essential elements of a malicious prosecution claim include:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

Id. at *3, n 2 (quoting Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1355 (Fla. 1994)).

Baker and DB&PR seek to dismiss Counts I and V of the Complaint on the basis of state sovereign immunity.  In Baker's Motion, he argues that Count I should be dismissed because as a state agent he is immune from suit pursuant to Florida Statute section

---

[9]       "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

768.28(9)(a).  <u>See</u> Baker Motion at ¶¶ 7-9.  Similarly, DB&PR argues that as a state agency it is immune from suit for malicious prosecution under the same provision.  <u>See</u> DB&PR Motion at 9.  It argues that because section 768.28(9)(a) of the Florida Statutes provides that states are immune from suit for acts of its agents committed "with malicious purpose," and Eiras must allege that Baker acted with malice in order to make out a <u>prima facie</u> malicious prosecution claim, DB&PR is immune.  <u>Id.</u>  Both of these contentions miss the mark because state law sovereign immunity "has no application to claims, in federal court, under Section 1983."  <u>Hufford v. Rodgers</u>, 912 F.2d 1338, 1341, n 1 (11th Cir. 1990); <u>see also</u> <u>Connor v. Halifax Hosp. Med. Ctr.</u>, 135 F. Supp. 2d 1198, 1223 (M.D. Fla. 2001) (rejecting a state agent's assertion of immunity under section 768.28(9)(a) in response to a Section 1983 claim).  The relevant inquiry may fall under the Eleventh Amendment or qualified immunity,[10] however, because neither Defendant raises such arguments, the Court will not address these issues.  Accordingly, to the extent Baker moves to dismiss Count I and DB&PR moves to dismiss Count V, their Motions are due to be denied.

### B. Claims Against Baker and DB&PR Under Florida Law (Counts II, III, and IV)

In Count II, Eiras alleges a Florida law claim of false arrest against Baker, and in Counts III and IV, he alleges a Florida law false arrest claim against DB&PR (Count III),

---

[10]    The Court questions whether DB&PR is a proper defendant in a Section 1983 action.  <u>See</u> <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997); <u>see also</u> <u>Vermont Agency of Natural Res. v. U.S.</u>, 529 U.S. 765, 779-80 (2000).  Section 1983 provides that a "person," acting under color of law, who deprives another of his or her constitutional or statutory rights can be held liable to the injured party.  42 U.S.C. § 1983.  In <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58 (1989), the Supreme Court addressed the question of whether a State can be considered a "person" for purposes of [S]ection 1983 liability, and determined that "a State is not a person within the meaning of [Section] 1983." <u>Id.</u> at 64.  The Court further determined that "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," are also not considered "persons" within the meaning of Section 1983.  <u>Id.</u> at 70-71.

and a Florida law claim of malicious prosecution against Baker (Count IV), respectively. Baker and DB&PR move to dismiss each of the state law claims asserted against them.

### 1. False Arrest Claims Against Baker and DB&PR

As previously stated, a false arrest is "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." Bartley, 568 F. App'x at 834 (citation omitted).  In order to prevail on a false arrest claim under Florida law, a plaintiff must plead: "(1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or 'color of authority'; and (4) which is unreasonable and unwarranted under the circumstances." Id. (citations omitted).  Unlike a false arrest claim asserted under Section 1983, in which the plaintiff must plead the absence of probable cause, under Florida law the existence of probable cause is an affirmative defense. Rankin, 133 F.3d at 1436.  To the extent DB&PR and Baker's Motions seek dismissal of Eiras's false arrest claims under Florida law, they are due to be granted, although for different reasons.

### a. False Arrest Claim Against DB&PR

DB&PR argues that the false arrest claim asserted against it should be dismissed because Eiras was arrested pursuant to Baker's affidavit and an arrest warrant, which it attaches to its Motion as Exhibit A.  See DB&PR's Motion at 6-8, Ex. A (Warrant and Affidavit).  DB&PR relies on the settled principle under Florida law that an arrest pursuant to lawful authority, even if irregular or voidable, cannot be false, and the appropriate remedy is a claim for malicious prosecution. Jackson v. Navarro, 665 So.2d 340, 341-42 (Fla. 4th DCA 1995).  Indeed, "if there is legal process or due authority apart from it, the arrest is not 'false' and the action must be one of malicious prosecution."  Id.     (quoting

William L. Prosser, <u>Law of Torts</u>, § 119 (4th ed. 1971)).[11]  Plaintiff's response is two-fold.

First, he argues that on a motion to dismiss a court may not review matters outside the

pleadings.[12]  <u>See</u> DB&PR Response at 3-5.  Next, he argues in the alternative that even if

the Court reviews the Warrant and Affidavit, these documents do not serve to bar a false

arrest claim because if they are void, they would not be "legal process."  <u>Id.</u> at 5.

Before addressing the effect of the Warrant and Affidavit on Plaintiff's false arrest

claim, the Court must determine whether it may consider these documents in ruling on the

Motions.  In resolving a Rule 12(b)(6) motion to dismiss, "it is generally true that the scope

of the review must be limited to the four corners of the complaint."  <u>Speaker v. U.S. Dep't</u>

---

[11]     The Florida Supreme Court has long recognized that "the distinction between malicious prosecution and false imprisonment is fundamental."  <u>S.H. Kress & Co. v. Powell</u>, 180 So. 757, 762 (Fla. 1938).

> [T]he essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority.

<u>Id.</u> (quotations omitted).  Florida courts have since refined the distinction as follows: "[Malicious prosecution] arises out of the wrongful commencement of a judicial proceeding, while [false imprisonment] occurs when there is an improper restraint which is not the result of a judicial proceeding." <u>Jackson</u>, 665 So. 2d at 342. Where a plaintiff alleges that he was arrested or imprisoned as a result of malicious proceedings against him, damages arising from such arrest are "part of the damages resulting from malicious prosecution because in such a case, while the prosecution may have been commenced and carried out maliciously, the imprisonment is under process regular and in legal form issued by lawful authority and the resulting imprisonment is not false." <u>Id.</u>

[12]     Eiras improperly relies on Florida law to support this argument.  <u>See</u> DB&PR Response at 3-5. Where, as here, the Court exercises supplemental jurisdiction over state law claims, "state law governs substantive issues and federal law governs procedural issues."  <u>McDowell v. Brown</u>, 392 F.3d 1283, 1294 (11th Cir. 2004) (citation omitted); <u>see also</u> <u>Madura v. BAC Home Loans Servicing, LP</u>, 593 F. App'x 834, 844 (11th Cir. 2014) (same); <u>Osborne v. Am. Multi Cinema, Inc.</u>, 348 F. App'x 535, 538 (11th Cir. 2009) (same).  The scope of the Court's review on a motion to dismiss is a procedural issue, and thus, governed by federal law.

of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).  As such, if the Court reviews matters outside the pleadings, it ordinarily must convert the motion to one for summary judgment under Rule 56.  See Rule 12(d). However, a court may take judicial notice of matters of public record, including arrest warrants, and consider those facts in resolving a motion to dismiss.  See McDowell Bey v. Vega, 588 F. App'x 923, 926 (11th Cir. 2014) (affirming a district court's decision to take judicial notice of the "Clerk's docket in the underlying criminal case[, which] demonstrate[d] that two warrants were issued for the Plaintiff's arrest" in dismissing a claim under 42 U.S.C. § 1983) (citation omitted); Brivik v. Law, 545 F. App'x 804, 806 (11th Cir. 2013) ("Upon reviewing the complaint and Officer Law's arrest affidavit attached to her motion to dismiss, we hold that the district court properly granted Officer Law's motion to dismiss."); Perez v. Harrelson, No. 6:15-cv-879-Orl-37GJK, 2016 WL 866590, at *6, n 6 (M.D. Fla. Mar. 7, 2016) (taking judicial notice of an arrest warrant attached to a motion to dismiss under the public records exception without converting it into a summary judgment motion) (citing Halmos v. Bombardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010)). In fact, purusant to Rule 201(c)(2) of the Federal Rules of Evidence, "[t]he court must take judicial notice if a party requests it and the court is supplied with the necessary information."  Accordingly, because DB&PR relies on and has supplied the Court with the Warrant and Affidavit, which qualify as public records, the Court will take judicial notice of these documents.[13]  See DB&PR's Motion at 7-8 (citing Halmos, 404 F. App'x at 377).

---

[13]    DB&PR also argues that the Court should consider the Warrant and Affidavit because they are central to Eiras's claim and their authenticity is not challenged.    See DB&PR's Motion at 7-8; see also Holland v. City of Auburn, Ala., 657 F. App'x 899, 900, n 3 (11th Cir. 2016) (quoting SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (explaining that it is proper for courts to consider documents attached to a motion to dismiss that are central to the claims and not in dispute).  The Court notes that the documents serve as evidence of probable cause, the existence of which constitutes an affirmative defense to a Florida false arrest claim.    Rankin, 133 F.3d at 1436.  While they are central to

The Court next considers the merits of DB&PR's arguments regarding the effect of the Warrant on Plaintiff's false arrest claim against DB&PR.  Ordinarily, an arrest pursuant to a warrant cannot give rise to a false arrest claim under Florida law.  See Jackson, 665 So.2d at 341.  However, a void warrant is not a legal authority, and an arrest pursuant to one can support a false arrest claim.  See Dodson v. Solomon, 134 Fla. 284, 287-88 (1938) (stating that "[v]oid process will not constitute legal authority" upon which a lawful arrest can be based).  In his DB&PR Response, Counsel argues that "[w]hile not specifically referenced in [his] Complaint, there is an ongoing factual dispute related to the validity of the affidavit and the arrest warrant that Defendant, [DB&PR] has referenced in support of their argument."  See DB&PR Response at 5.  He then proceeds to describe scenarios in which a court could declare an arrest warrant or search warrant void, though he does not state whether any of those circumstances apply to this case.  Id.

Although Counsel raises some argument regarding the effect of a void warrant in his DB&PR Response, Eiras's Complaint is devoid of an allegation that the Warrant was void or any suggestion as to why it would be void.  In his argument, Counsel suggests that a warrant obtained based on false statements may be void, but in his Complaint, Eiras makes no such allegation.  As such, Counsel's argument is inappropriate for a Rule 12(b)(6) motion to dismiss.  At the 12(b)(6) phase of a proceeding the sufficiency of a complaint is judged by the allegations of the complaint itself, "not on whether a set of facts could be imagined that would support the claim."  In re Androgel Antitrust Litigation (No. II), 687 F. Supp. 2d 1371, 1381 (N.D. Ga. 2010).  Moreover, to the extent Counsel's

_____

DB&PR's affirmative defense and "directly responsive" to Eiras's claim, they are not central to that claim. Adamson v. De Poorter, No. 06-15941, 2007 WL 2900576, at *3 (11th Cir. Oct. 4, 2007).  However, as discussed, the Court will review the attached documents pursuant to the public records exception.

argument suggests additional or alternative bases for relief, "it is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss." Orta v. City of Orlando, No. 6:14-cv-1835-Orl-41GJL, 2015 WL 2365834, at *5, n 3 (M.D. Fla. May 18, 2015).   Therefore, because Eiras does not allege or otherwise suggest in the Complaint that the Warrant is void, the Court will not consider its potential invalidity in resolving the Motion.

In his Complaint, Eiras does allege in a conclusory fashion that his arrest took place "in the absence of lawful authority." See Complaint ¶ 38.   The Court notes that this allegation is a legal conclusion that the Court need not accept in resolving the DB&PR Motion.   Regardless, even if the Court views this statement to be a factual allegation, it is insufficient.   Although the Court must construe all factual allegations in favor of Plaintiff at this stage, when the Court considers exhibits attached to a motion to dismiss, and those exhibits directly contradict the allegations in the pleading, the exhibits govern. See Burgin v. Fed. Home Loan Mortg. Corp. as Trustee, No. 1:13-cv-01391-TWT-GGB, 2013 WL 12067481, at **4-8 (N.D. Ga. Jul. 19, 2013); Int'l Brotherhood of Teamsters v. Amerijet Int'l, Inc., 932 F. Supp. 2d 1336, 1345 (S.D. Fla. 2013); Cucinotta v. CVS Pharmacy, Inc., No. 8:12-cv-1194-T-33AEP, 2012 WL 5467524, at **3-4 (M.D. Fla. Nov. 9, 2012).   Here, Eiras's allegation of the lack of lawful authority is directly contradicted by the existence of the Warrant, which is defined as "the legal process by which jurisdiction is obtained over the person in a criminal proceeding." Campbell v. Cnty. of Dade, 113 So.2d 708, 711 (Fla. 3d DCA 1959).   It is well accepted that an arrest warrant—a capias, as they are referred to under Florida law—vests an officer with the lawful authority to arrest the named individual. See Johnson v. State, 58 Fla. 68, 70 (Fla. 1909) ("The allegation that the officer

was lawfully and by virtue of his office proceeding under a capias to make the arrest is a sufficient charge that the officer was legally authorized to execute the command of the capias, and that the capias was legal process."); <u>Jackson</u>, 665 So.2d at 340 ("The trial court granted the sheriff's motion for summary judgment in this false arrest case because of the general rule than an arrest pursuant to lawful authority, a capias here, cannot be false.") (emphasis supplied).  Accordingly, the Warrant negates Eiras's general allegation that he was arrested "in the absence of lawful authority," and to the extent DB&PR seeks the dismissal of Count III of the Complaint for failure to state a claim, its Motion is due to be granted.

### b. False Arrest Claim Against Baker

Baker moves to dismiss Count II of the Complaint in which Eiras asserts a claim of false arrest against him under Florida law because he is immune pursuant to section 768.28(9)(a) of the Florida Statutes.  <u>See</u> Baker Motion at ¶ 7.[14]  Under this provision, state officers, employees and agents are immune from lawsuits arising from "act[s], event[s], or omission[s] of action in the scope of [their] employment or functions."  The immunity may be pierced only if state agents either act outside the scope of their employment, or act "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."  Fla. Stat. § 768.28(9)(a).  Thus:

> in order for a plaintiff to succeed in piercing the statutory immunity defense, he must make a good faith allegation in the complaint that the public office official either acted outside the scope of his employment or in bad faith.  The statute places an affirmative duty on the plaintiff to satisfy this pleading requirement.  This duty cannot be

---

[14]     Because Baker does not move the Court to dismiss Count II of the Complaint on the basis of the Warrant, and inasmuch as Rule 201(e) of the Federal Rules of Evidence bestows parties with the right to be heard if the Court takes judicial notice of a fact, the Court will not take judicial notice of the Warrant and Affidavit <u>sua sponte</u> for purposes of resolving the Baker Motion.

> satisfied by mere conclusory allegations. Without support, the complaint must fail.

Brown v. McKinnon, 964 So. 2d 173, 175 (Fla. 3d DCA 2007) (internal citations omitted).

Courts construing the bad faith prong of section 768.28 use the actual malice standard, Parker v. State Bd. Of Regents ex rel. Fla. State Univ., 724 So.2d 163, 167 (Fla. 1st DCA 1998), which means the conduct must be committed with "ill will, hatred, spite, [or] an evil intent," Reed v. State, 837 So.2d 366, 368-69 (Fla. 2002). Conduct meeting the wanton and willful standard is defined as "worse than gross negligence," Sierra v. Associated Marine Insts., Inc., 850 So.2d 582, 593 (Fla. 5th DCA 2003), and "more reprehensible and unacceptable than mere intentional conduct," Richardson v. City of Pompano Beach, 511 So.2d 1121, 1123 (Fla. 4th DCA 1987). See Kastritis v. City of Daytona Beach Shores, 835 F. Supp.2d 1200, 1225 (M.D. Fla. 2011) (defining these standards).

The parties do not dispute that Baker acted within the scope of his employment. Rather, they dispute whether Baker arrested Eiras with the requisite intent. In his Complaint, Eiras seeks to pierce Baker's statutory immunity by alleging that Baker received a certified letter from Liquor Group "detailing the legitimate purpose and court actions requiring the shipping of the trailer," and that therefore, Baker arrested Eiras "without probable cause" and "in the absence of lawful authority." See Complaint ¶¶ 24, 32-33, Ex. D. These allegations are insufficient to overcome Baker's immunity.

Generally, courts are reluctant to strip officers of their immunity under section 768.28(9)(a) of the Florida Statutes. As such, a threadbare recital that a defendant "acted maliciously and in bad faith is conclusory" and insufficient. Brivik, 545 F. App'x at 807. Additionally, the mere fact that an officer may have acted without probable cause is not enough to pierce the officer's immunity. See Caldwell v. Nocco, No. 8:14-cv-2167-T-

30AEP, 2015 WL 9302835, at *5 (M.D. Fla. Dec. 22, 2015) (holding an officer immune from a false arrest claim under Florida law because even "[i]n cases in which an officer fails to prove arguable probable cause, he may still be immune from personal liability."). For example, in <u>Dunn v. City of Boynton Beach, Fla.</u>, No. 15-81499-CIV-MARRA, 2016 WL 3256935 at *10 (S.D. Fla. Jun. 14, 2016), the court determined that the allegation that an officer acted "in the absence of lawful authority" and "in the absence of reasonable suspicion" of criminal activity did not constitute an allegation that an officer acted in bad faith for purposes of Florida Statute section 768.28(9)(a).   According to the court, not "every arrest lacking probable cause is made in bad faith" and "Florida's waiver of sovereign immunity clearly contemplates that an agent can commit a wrongful, and even intentional, act and still lack bad faith." <u>Id.</u> Eiras's allegations are strikingly similar to the claims of the plaintiff in <u>Dunn</u>, and therefore, equally insufficient to pierce Baker's immunity. Likewise, in <u>Fernander v. Bonis</u>, Florida's Fourth District Court of Appeal affirmed the dismissal of a false imprisonment claim brought under Florida law against a police officer and the city.[15]   947 So.2d 584, 586 (Fla. 4th DCA 2007).   The officer arrested the plaintiff for a crime he did not commit. <u>Id.</u>  A witness identified the plaintiff from a photo-array, but warned the officer that the perpetrator had "a little more weight." <u>Id.</u> at 587.  According to

---

[15]     The Court notes that Eiras brings a claim of false arrest, rather than false imprisonment. The District Courts of Appeal in Florida are split on whether there is a distinction between these two torts. <u>See Strickland v. Jacobs</u>, 66 So.3d 412, 414, n 1 (Fla. 2d DCA 2011) (comparing <u>Mathis v. Coats</u>, 24 So.3d 1284, 1289 (Fla. 2d DCA 2010) ("False arrest and false imprisonment are closely related, but false imprisonment is a broader common law tort; false arrest is only one of several methods of committing false imprisonment.") with <u>Andrews v. Fla. Parole Comm'n</u>, 768 So.2d 1257, 1266 (Fla. 1st DCA 2000) ("[F]alse imprisonment and false arrest are essentially the same tort[.]"); <u>Weissman v. K-Mart Corp.</u>, 396 So.2d 1164, 1165, n 1 (Fla. 3d DCA 1981) ("False arrest and false imprisonment are different labels for the same cause of action."); 32 Am.Jur.2d False Imprisonment § 3 (2007) (discussing the distinction between false imprisonment and false arrest)).  However, "[t]he distinction between these two torts—or the lack of one—is not pertinent to our disposition of" either Motion. <u>Strickland</u>, 66 So.3d at 414, n 1.  The same is true here.  Accordingly, the cases addressing a false imprisonment claim are equally applicable to the Court's resolution of the Motions.

the court, this allegation did not demonstrate that the officer executed the arrest "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Id. at 589.  Consistent with this authority, it appears that under Florida law, the absence of probable cause standing alone will not deprive an officer of immunity under section 768.28.  Therefore, Eiras's threadbare allegations that Baker acted "without lawful authority" and "without probable cause" are insufficient to pierce Baker's statutory immunity. See Complaint ¶¶ 32-33.

Further, Eiras's allegation that Baker arrested him with knowledge of the contents of his letter does not save his claim.  In Navarro v. City of Riviera Beach, 192 F. Supp. 3d 1353, 1363, 1366 (S.D. Fla. 2016), the court found that an assistant state attorney was immune from a Florida false arrest claim despite pursuing a case with knowledge that a detective provided unreliable information.  Even where a plaintiff alleged that two police officers "fabricated evidence and concealed exculpatory evidence," the Eleventh Circuit affirmed the dismissal of false arrest claims brought under Florida law.  Gurrera v. Palm Beach Cnty. Sheriff's Office, 657 F. App'x 886, 892 (11th Cir. 2016).  There, the court held that these allegations fell short of actual malice because they did not allege that the officers employed fraudulent or corrupt means to obtain a warrant.  Id.; cf. Lloyd v. Hines, 474 So.2d 376, 378-79 (Fla 1st DCA 1985) (finding immunity pierced by allegations that two deputy sheriffs used "fraud or other corrupt means" to arrest, imprison and maliciously prosecute the plaintiff).  Therefore, pursuit of a criminal charge despite knowledge of potentially exonerating information is insufficient to defeat an officer's statutory immunity.

The Court recognizes two fairly recent decisions applying section 768.28 where the court held that the requisite malice can be inferred from the absence of probable cause.

See Franco v. Caldwell, No. 10-60944-CIV, 2011 WL 2262481, at *6 (S.D. Fla. Jun. 6, 2011) and Eubanks v. Freburger, No. 11-60714-CIV, 2012 WL 4936061, at *8 (S.D. Fla. Oct. 17, 2012).   In both decisions, however, the court relied on Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977) for the proposition that "under Florida law, 'malice may be inferred from the absence of probable cause.'"   Id. (citation omitted).   Colonial Stores neither pertains to a false arrest claim, nor addresses probable cause as a prerequisite to an arrest.   Instead, in Colonial Stores, the Florida Supreme Court addressed malice as an element of a prima facie malicious prosecution claim in a civil action.   The court did not address malice as that term has been interpreted for purposes of immunity under section 768.28(9)(a).   In light of that distinction the Court first notes that a prima facie claim of malicious prosecution requires "legal malice," rather than "actual malice."   Id.   Under Florida law, bad faith for purposes of immunity under section 768.28(9)(a) is equivalent to "actual malice."   Dunn, 2016 WL 3256935 at *10.   While legal malice "may be inferred from circumstances," "actual or subjective malice, sometimes called 'malice in fact,'" requires the subjective intent to do wrong.   Wilson v. O'Neal, 118 So.2d 101, 105 (Fla. 1960).   Further, in Colonial Stores, where the Florida Supreme Court was addressing legal malice, the Court held that a jury may, but does not have to, presume legal malice from the lack of probable cause for initiating a prosecution, rather than for executing an arrest.   355 So.2d at 1185 (citing Adams v. J.G. Whitfield, 290 So.2d 49, 51-52 (Fla. 1974) and Duval Jewelry Co. v. Smith, 102 Fla. 717, 720 (Fla. 1931)).   Therefore, the Court declines to the follow the analysis of these decisions suggesting that a lack of probable cause can give rise to an inference of malice sufficient to defeat an entitlement to immunity under Florida Statute section 768.28(9)(a).

In sum, the allegations in Eiras's false arrest claim do not plausibly suggest that Baker arrested him in bad faith, with a malicious purpose, or in a manner exhibiting wanton and willful disregard for Eiras's rights, safety or property.  Much like the plaintiff in <u>Dunn</u>, Eiras merely alleges in a conclusory fashion that Baker arrested him "without probable cause" and "in the absence of lawful authority."  <u>See</u> Complaint ¶¶ 32-33.  These allegations fail to overcome Baker's statutory immunity.  Accordingly, to the extent Baker moves to dismiss Count IV of the Complaint, his Motion is due to be granted.

### 2. Malicious Prosecution Claim Against Baker

Finally, Baker moves to dismiss Count IV of the Complaint, Eiras's state law malicious prosecution claim, once again relying on section 768.28(9)(a).  <u>See</u> Baker Motion at ¶¶ 7-8.  In determining whether a plaintiff asserting a false arrest claim has committed conduct in bad faith sufficient to pierce the statutory immunity provided by section 768.28(9)(a), courts unequivocally apply the actual malice standard.  However, in determining whether a plaintiff asserting a malicious prosecution claim has pierced the statutory immunity provided by section 768.28(9)(a), courts are divided as to whether the actual or legal malice standard applies.  Some courts maintain that even though bad faith under section 768.28(9)(a) normally requires a showing of actual malice, if an officer "act[s] with sufficient legal malice to fulfill the elements of a malicious prosecution claim, then he also act[s] with sufficient malice to fall outside the protection afforded him by [section] 768.28(9)(a), and the governmental entity cannot be held responsible for the misconduct." <u>Andrew Nguyen MD PA v. Estate of Deputy Kenneth H. Carlisle</u>, No. 1:04-cv-00026-MP-AK, 2007 WL 1560149, *3 (N.D. Fla. May 23, 2007); <u>see also</u> <u>Claridy v. City of Lake City</u>, No. 3:13-cv-558-J-39PDB, 2014 WL 11430860, at *11 (M.D. Fla. Nov. 18, 2014).

Distinctly, other courts apply the actual malice standard to determine whether a plaintiff has pierced immunity under section 768.28(9)(a) in order to bring a malicious prosecution claim. See Guerra v. Palm Beach Cnty. Sheriff's Office, 657 F. App'x 886, 892 (11th Cir. 2016); Navarro, 192 F. Supp. 3d at 1366; Moore v. Seminole Cnty., Fla., 6:13-cv-224-Orl-31GJK, 2014 WL 4278744, *6 (M.D. Fla. Aug. 29, 2014). Here, the Court need not decide which standard governs because Eiras alleges conduct plausibly sufficient at least at this stage of the proceeding to meet either the actual or legal malice standards. Therefore, to the extent Baker seeks to dismiss Count IV of the Complaint, his Motion is due to be denied.

In his malicious prosecution claim, Eiras alleges that Baker prosecuted him out of "malice" and a desire to "wrong and injure" him. See Complaint ¶ 43. Eiras further alleges that Baker prosecuted him despite the fact that Baker knew or should have known that the charges were "false and groundless." Id. These allegations are, to an extent, more specific than Eiras's conclusory allegations in Count II of the Complaint, where he alleges only that Baker arrested him "without probable cause" and "in the absence of lawful authority." See Complaint ¶¶ 32-33. Thus, unlike in his false arrest claim where Eiras relied only on the absence of "probable cause" or "lawful authority," in his malicious prosecution claim, Eiras alleges intentional conduct undertaken with "ill will" or an "evil intent" to cause him harm, which would amount to actual malice. Reed, 837 So.2d at 368-69; cf. Montanez v. Carvajal, No. 6:15-cv-807-Orl-40DAB, 2016 WL 231213, at *5 (M.D. Fla. Jan. 15, 2016) (holding the officers immune under section 768.28(9)(a) of the Florida Statutes because the plaintiff failed to allege "facts speaking to the officers' respective

intents."). Because Eiras alleges sufficient facts to support an inference of actual malice, his allegations, at the motion to dismiss stage, preclude the immunity provided by section 768.28(9)(a) . Whether Eiras will be able to prove these allegations under the facts of this case is uncertain. However at this stage of the proceeding the Court must accept the allegations as true and finds that they are sufficient to overcome the statutory immunity provided by section 768.28(9)(a). Accordingly, Baker's Motion to Dismiss Count IV of the Complaint is due to be denied.[16]

## IV.   Conclusion

In light of the foregoing, it is hereby **ORDERED**:

1. Defendant DB&PR's Amended Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc. No. 16) and Plaintiff's Response to Defendant State of Florida Department of Business & Professional Regulations Amended Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc. No. 17) are stricken.

2. Defendant DB&PR's Motion to Dismiss Counts III and V of Plaintiff's Complaint (Doc. No. 4) is **GRANTED, IN PART, AND DENIED, IN PART.**

   A. The Motion is GRANTED to the extent that it seeks the dismissal of Count III for false arrest under Florida law.

   B. Otherwise, the Motion is DENIED.

3. Defendant Baker's Motion to Dismiss Counts I, II and IV of Plaintiff's Complaint (Doc. No. 6) is **GRANTED, IN PART, AND DENIED, IN PART.**

---

[16]    The Court questions whether Eiras has sufficiently pleaded the six elements necessary to prevail on a malicious prosecution claim, but as Baker does not raise the argument, the Court does not address it.

A. The Motion is GRANTED to the extent that it seeks the dismissal of Count II for false arrest under Florida law.

B. Otherwise, the Motion is DENIED.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record