**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER J. EIRAS,

                Plaintiff,         Case No. 3:16-cv-231-J-34PDB

v.

STATE OF FLORIDA DEPARTMENT OF
BUSINESS & PROFESSIONAL REGULATION
DIVISION OF ALCOHOLIC BEVERAGES
AND TOBACCO, et al.,

                Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on (1) Defendant State of Florida Department of Business & Professional Regulation's Second Motion to Dismiss Count V of Plaintiff's Complaint (Doc. No. 20; DB&PR's Second Motion), filed on March 8, 2017, and (2) Defendant Eugene R. Baker, Jr.'s Second Motion to Dismiss Count I of Plaintiff's Complaint (Doc. No. 21; Baker's Second Motion), filed on March 14, 2017 (collectively, the Second Motions). On March 22, 2017, Plaintiff Christopher J. Eiras (Plaintiff or Eiras) filed Plaintiff's Response to Defendant DBPR's Second Motion to Dismiss Count V (Doc. 20) and Defendant Baker's Second Motion to Dismiss Count I (Doc. 21) [sic] (Doc. No. 24; Second Response). Accordingly, the Second Motions are ripe for review.

1

The factual allegations in the Complaint (Doc. No. 2) are fully set forth in the Court's Order (Doc. No. 19; Order) entered on March 7, 2017. Consequently, the Court will not repeat that background here. However, the Court will lay out the relevant procedural history of this case.

On February 4, 2016, Eiras filed his five count Complaint in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See Complaint. The Department of Business & Professional Regulation Division of Alcoholic Beverages and Tobacco (DB&PR) removed the action to this Court on March 10, 2016. See DB&PR's Notice of Removal (Doc. No. 1; Notice). Following the filing of motions to dismiss by both DB&PR and Baker, see Doc. No. 4 and Doc. No. 6, the Court dismissed Count II and Count III of the Complaint, leaving Counts I, IV, and V pending before the Court, see Order at 21-22. Only Count I and Count V are relevant to the Second Motions.

In Count I of the Complaint, Eiras alleges that Baker violated 42 U.S.C. § 1983 (Section 1983) by executing a false arrest and thereby depriving Eiras of his rights under the Fourth Amendment to the United States Constitution. See Complaint ¶ 29. In Count V, Eiras alleges that DB&PR violated Section 1983 by maliciously prosecuting him in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Id. at ¶¶ 45-48. In its Second Motion, DB&PR seeks to dismiss Count V on the basis of sovereign immunity under the Eleventh Amendment and because the state is not a "person" for purposes of Section 1983. See DB&PR's Second Motion at 2-3. In his Second Response, Eiras states that he "does not contest DB&PR's Second Motion to Dismiss Count V." See Second Response at 2. As such, the Court will grant DB&PR's Second Motion, and will dismiss Count V.

In Baker's Second Motion, Baker argues that the Court should dismiss Count I of the Complaint because Eiras has sued him based on his official acts, and therefore he is immune from suit under the Eleventh Amendment. See Baker's Second Motion at 2-3. This position is not well taken. Indeed, the Supreme Court rejected an almost identical argument in Hafer v. Melo, 502 U.S. 21 (1991). There, "Hafer s[ought] to overcome the distinction between official-and personal-capacity suits by arguing that § 1983 liability turn[ed] not on the capacity in which state officials [we]re sued, but on the capacity in which they acted when injuring the plaintiff." Id. at 27. Hafer argued that a state official performing an official duty was immune from suit under the Eleventh Amendment. Id. at 27-31. The Court rejected the contention stating that the Eleventh Amendment does not bar suits against state officials in their individual capacities, and that state officers are not "absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." Id. at 31; see also Hobbs v. Roberts, 999 F.2d 1526, 1528 (11th Cir. 1993) ("The Eleventh Amendment protects no personal assets in 'individual' or 'personal' capacity suits in federal court."); Gamble v. Fla. Dep't of Health and Rehabilitative Servs., 779 F.2d 1509, 1512-13 (11th Cir. 1986) ("As opposed to suits in which the defendant is the state, one of the state's agencies, or a responsible state officer sued in an official capacity, the Eleventh Amendment provides no bar to federal court adjudication of suits against state officers individually."). Rather, state officers sued in their individual capacities may be entitled to qualified immunity, but not absolute immunity. See Pearson v. Callahan, 555 U.S. 223, 231 (2009); Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 (11th Cir. 2010). Thus, Baker is protected, if at all, under the doctrine of qualified immunity. Accordingly, although this lawsuit arises out of conduct that Baker committed while "acting

under the authority of the State of Florida," see Complaint ¶ 29, the Eleventh Amendment does not bar Eiras from suing Baker in his individual capacity. Hafer also forecloses Baker's contention that he is not a "person" for purposes of Section 1983. Indeed the Court specifically concluded that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983." Hafer, 502 U.S. at 30. Here Eiras has sued Baker in his individual capacity. See Complaint at 2, ¶ 5. Therefore, Baker's Second Motion is due to be denied.[1]

In light of the foregoing, it is hereby **ORDERED**:

1. Defendant State of Florida Department of Business & Professional Regulation's Second Motion to Dismiss Count V of Plaintiff's Complaint (Doc. No. 20) is **GRANTED.**

2. Count V of the Complaint is **DISMISSED.**

3. The Clerk of the Court is directed to terminate Defendant State of Florida Department of Business & Professional Regulation Division of Alcoholic Beverages and Tobacco from the docket.

4. Defendant Eugene R. Baker, Jr.'s Second Motion to Dismiss Count I of Plaintiff's Complaint (Doc. No. 21) is **DENIED.**

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of October, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[1] Pursuant to Rule 11 of the Federal Rules of Civil Procedure (Rule(s)), when an attorney presents a written motion to the Court, the attorney "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Baker's Second Motion is so lacking in merit that the Court reserves jurisdiction to consider whether its filing warrants the imposition of sanctions under Rule 11.

lc25
Copies to:
Counsel of Record